In the Matter of the Estate of Thomas L. Bogert, Deceased.

Surrogate's Court, Oneida County, June 7, 1926.

Wills — construction — testator in providing for distribution of residuary estate among two sons and daughter directed that in event daughter died without issue said trust should go to grandsons and to descendants of such as may have died leaving issue — direction that said descendants were to take " the share which his, her or their parent would have taken or been entitled to if living " construed as per stirpes distribution — fund should be equally divided, one-half to children of each son.

A will, by which the testator, in providing for the distribution of his residuary estate in three parts among two sons and a daughter, directed that in the event said daughter died without issue the trust estate given to her should go to the then living children of her brothers and " to the descendants of such as may then have died leaving lawful issue then living — such descendants to take and have the share which his, her or their parent would have taken or been entitled to if then living," should be construed as directing a *per stirpes* form of division of testator's estate rather than a *per capita* division, particularly in the absence of any clause which would warrant a *per capita* construction; therefore, the fund as accounted for by the trustee should be equally divided and one-half thereof paid to the children of each son.

Proceeding for construction of will.

*Henry L. Bogert,* petitioner in person.

*George M. Weaver,* for Margaret E. Putnam and others.

Evans, S. Thomas L. Bogert died in the year 1866 leaving a last will and testament that was duly admitted to probate by this court.

The will among other provisions provided for a distribution of the residuary estate in three parts between the three children of the testator. To the oldest son, Peter, was bequeathed and devised one-third part absolutely in fee. To the second son, George William, was bequeathed and devised to the executors in trust one-third of the estate to pay to George William the income thereof for life and after his death the principal was to be equally divided among his children and the issue of any who might have died leaving issue so that such issue should take collectively the share which their parent would have taken if living.

The third share intended for the daughter of testator, Mary Eliza Robson, was put in trust and the income thereof was directed to be paid to her during her lifetime and in the event that she should die without issue the principal to be divided between the children of the sons Peter and George William and the descendants of any who may have died, the descendants in each instance to take the share their ancestor would take if living.

A codicil modified this provision by providing a life use of the

Misc. 380]     Surrogate's Court, Oneida County, June, 1926.

fund for the benefit of Benjamin R. Robson in the event that his wife, Mary Eliza Robson, should predecease him.

The two sons, Peter and George William, and the daughter, Mary Eliza Robson, are all dead. The latter left no husband and no issue.

The question now presented concerns the shares which the children or their descendants of Peter and George William take in the principal of the trust fund provided in the will for the life use of Mary Eliza Robson.

The paragraph in the will under consideration reads as follows: " But if my said daughter Mary Eliza shall die leaving no lawful issue her surviving, then I in this case upon her decease give, bequeath and devise the said trust estate to the then living children of my said sons Peter and George William and to the descendants of such as may then have died leaving lawful issue then living — such descendants to take and have the share which his, her or their parent would have taken or been entitled to if then living."

George William left four children: George H., Mary E. Whitlock, Lily M. Bogert and Hibernia J. Bogert (deceased).

Peter left three children: Margaret E. Putnam; Thomas L. Bogert, deceased, who left one son, William H. Bogert; James C. Bogert, deceased, who left two sons, Thomas P. Bogert and Benjamin L. Bogert.

According to the petition and account now on file the accounting trustee assumes that the four children left by George William and the three children left by Peter constitute a class, resulting in seven shares to be equally divided *per capita*, but some of the seven children having died leaving issue such issue shall take *per stirpes* the share that the parent would have taken if living. This method of division is challenged and disputed by Margaret E. Putnam, the only surviving child of Peter, also by the children of his two deceased sons who assert that the property should be divided into two parts, the children of George William taking one part and the children of Peter and descendants of any deceased children taking the other part.

A solution of these conflicting theories must depend upon the intent of the testator. The phraseology of every will is peculiar to itself so that efforts to formulate set rules of construction have met with little success. It is evident that the testator had a fixed purpose to preserve so far as possible an equality between his three children in the division of his property. This desire on the part of the testator was not confined merely to the rights of his own children but there are unmistakable signs and tokens running through the will that he aimed to maintain this equality among the descendants of the testator's children however remote.

The will was executed in 1864 and is of considerable length. The testator made provision for the possible happening of several contingencies in the event of the death of testator's children with or without issue and it is significant that in the will no less than six times occurs the phrase " such descendants to take and have the share which his, her or their parent would have taken or been entitled to if then living." At no place is found the usual expression of *per capita* division, " share and share alike."

The clause of the will under consideration contains no such expression. Standing alone and without the aid afforded by other provisions of the will this clause in my opinion leans strongly to a *per stirpes* construction rather than a *per capita*. The absence of the clause " share and share alike " gives added force to this view.

It would seem to be illogical and unreasonable for the testator to have intended a *per capita* division of this fund among his grandchildren after the many times the *per stirpes* form of division had been emphasized in his will.

I, therefore, hold and decide that the fund as accounted for by the trustee should be first equally divided and one-half thereof represented by the children of Peter Bogert be divided as follows: To Margaret E. Putnam, daughter, one-sixth; William H. Bogert, grandson, one-sixth; Thomas P. Bogert, grandson, one-twelfth; Benjamin L. Bogert, grandson, one-twelfth.

The other half of the fund represented by the children of George William Bogert be divided as follows: To George A. Bogert, son, one-eighth; Mary E. Whitlock, daughter, one-eighth; Lily M. Bogert, daughter, one-eighth; Estate of Hibernia J. Bogert, daughter, one-eighth.

Decreed accordingly.